**John AGATHOS, Plaintiff,**

**v.**

**Kurt W. MUELLENBERG, Monitor of the Hotel Employees and Restaurant Employees International Union; Hotel Employees and Restaurant Employees International Union, Nominal Defendant; United States of America, Nominal Defendant.**

Civ. No. 96–0988 (GEB).

United States District Court, D. New Jersey.

May 3, 1996.

Jeffrey A. Bronster, Decotiis, Philips & Lundsten, Esqs., Roseland, NJ, for John Agathos.

Michael A. Chagares, U.S. Attorney Office, Newark, NJ, for United States.

## MEMORANDUM OPINION

BROWN, District Judge.

This matter comes before the Court on plaintiff's application for injunctive relief pursuant to FED.R.CIV.P. 65. Also before the Court are the motions of defendants Kurt Muellenberg and the United States of America to dismiss this action for lack of subject matter pursuant to FED.R.CIV.P. 12(b)(1). For the reasons set forth herein, the Court will deny plaintiff's application, grant defendants' motions, and dismiss this matter in its entirety.

### I. BACKGROUND

On September 5, 1995, this Court executed a consent decree in *United States of America v. Hotel Employees and Restaurant Employees Internat'l Union*, Civ. No. 95–4596 (GEB). The consent decree resolved that litigation, in which the United States claimed that organized crime groups had dominated the Hotel Employees and Restaurant Employees International Union ("HEREIU") for twenty-five years, in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*

The consent decree appointed Kurt Muellenberg as Monitor, and gives him the power to investigate the HEREIU, to review and veto various HEREIU actions, and to bar individuals from seeking elective office therein. Consent Decree ¶¶ 8–10. The consent decree also provides that the Monitor may remove or otherwise discipline

> any officer, representative, agent, employee or person holding a position of trust in the HEREIU and its constituent entities when such person engages or has engaged in actions or inactions which (i) violate the injunctive prohibitions of this Consent Decree, (ii) violate any criminal law involving the operation of a labor organization or employee benefit plan, or (iii) further the

direct or indirect influence of any organized crime group or the threat of such influence now or in the future.

*Id.* ¶ 12. With respect to members, the consent decree similarly provides as follows:

[T]he Monitor shall have the right and power to impose discipline up to and including expulsion from union membership when a member of the HEREIU or its constituent entities engages or has engaged in actions or inactions which: (a) violate the injunctive prohibitions of this Consent Decree; (b) violate any criminal law involving the operation of a labor organization or employee benefit plan; or (c) further the direct or indirect influence of any organized crime group or the threat of such influence now or in the future.

*Id.* ¶ 13.

The consent decree contains a detailed procedure by which the Monitor shall dispose of disciplinary charges against union officials and members. It explicitly states that the Monitor will first adjudicate the charges and render a final decision, pursuant to the rules generally applicable in labor arbitration proceedings. *Id.* ¶ 14. The consent decree provides:

When exercising his/her disciplinary rights and powers, the Monitor shall afford the subject of the potential disciplinary action written notice of the charge(s) against him/her and an opportunity to be heard. The Monitor shall conduct any hearing on any disciplinary charges, render the final decision regarding whether discipline is appropriate and impose the particular discipline. The charged party shall have 20 days to answer the charges against him/her and may be represented by counsel at any hearing conducted by the Monitor.

*Id.* Only then may an aggrieved party appeal the Monitor's decision to this Court. *Id.* ¶ 15.

Plaintiff John Agathos is the President of Local 69 of HEREIU. Previously, he was a member of Local 97 of the International Brotherhood of Teamsters ("IBT"). In 1992, charges were brought against plaintiff pursuant to a consent agreement entered in *United States v. Internat'l Brotherhood of Teamsters,* Civ. No. 88–4486 (DNE) (S.D.N.Y.).

The Investigative Officer in that case charged plaintiff with knowingly associating with members of organized crime groups and engaging in "dual-unionism" by maintaining membership in both IBT and HEREIU. Pursuant to a settlement in April, 1993, the IBT charges against plaintiff were dismissed, with plaintiff agreeing to resign from the IBT and Local 97. *See* Exh. B to Certification of John Agathos ("Agathos Certif.").

Pursuant to his powers under the consent decree, Monitor Kurt Muellenberg appointed Howard O'Leary as the Investigations Officer. On or around January 19, 1996, the Investigations Officer filed a four-count charge against plaintiff. *See id.* at Exh. D. These charges are as follows: (1) that plaintiff violated paragraph 5 of the consent decree by becoming a HEREIU officer, employee, agent, representative or person holding a position of trust despite being a "barred person" under paragraph 7, due to the IBT settlement; (2) that plaintiff violated the injunctive provisions of the consent decree and furthered the influence of organized crime by associating, between the late 1970s and 1992, with members of certain organized crime groups and allowing himself, a barred person, to exercise control over Local 69; (3) that plaintiff violated the injunctive provisions of the consent decree and furthered the influence of organized crime by conspiring, between January, 1984 and April, 1987, with members of certain organized crime groups to extort payment from owners of an establishment named "The Players Club," and allowing himself, a barred person, to exercise control over Local 69; and (4) that in July, 1984, while plaintiff was an officer in Local 69, he engaged in conduct unbecoming a member by assaulting an individual on an airplane. *Id.* The charges seek expulsion from HEREIU and a permanent prohibition against plaintiff ever holding office in the union. *Id.*

Plaintiff did not respond to the charges by filing an answer with the Office of the Monitor. Instead, he filed this action to enjoin the Monitor from holding disciplinary hearings on the foregoing charges. Plaintiff contends that the consent decree does not endow the Monitor with authority to sanction HER-

EIU officers, representatives or members for past conduct, but only for conduct arising since the inception of the consent decree. *See, e.g.,* Affidavit of Robert J. Rotatori ¶¶ 4–6; Plaintiff's Brief in Support of Declaratory and Injunctive Relief at 5–6. Plaintiff therefore avers that the Monitor's attempt to discipline him for conduct prior to execution of the consent decree exceeds the powers of the Office of the Monitor and is contrary to the consent decree.

Defendants United States and the Monitor respond that this action must be dismissed because plaintiff has not exhausted his administrative remedies. In short, they argue that pursuant to the disciplinary procedure set forth in paragraphs 14 and 15 of the consent decree, plaintiff must first allow the Monitor to adjudicate the charges and then appeal any adverse determination to this Court.

## II. DISCUSSION

It is clear from the plain language of the consent decree that the Court presently lacks jurisdiction over this matter, which must be dismissed pursuant to Fed.R.Civ.P. 12(b)(1). As noted above, the consent decree sets forth a detailed and explicit procedure by which to conduct the disciplinary process. The consent decree clearly requires the subject of a disciplinary proceeding, who wishes to contest the charge, to proceed first before the Monitor and then appeal to this Court. Indeed, the consent decree states that this administrative procedure with subsequent review by this Court is exclusive and that any disciplinary action imposed by the Monitor and not appealed in accordance with the provisions of the consent decree "may not be appealed or otherwise challenged." Consent Decree ¶ 15.

In this case, plaintiff has filed no answer or response to the charges with the Office of the Monitor, and consequently no administrative proceedings have yet occurred. Indeed, the only event therein to date is that the Investigations Officer filed charges against plaintiff with the Office of the Monitor. Pursuant to the consent decree, the Court can not adjudicate those charges independent of the Monitor, and obviously the Monitor has not yet rendered a determination for this Court to review on appeal. As such, plaintiff's application is simply not properly before this Court.

The District Court reached a similar conclusion in *United States v. Internat'l Brotherhood of Teamsters et al.,* Civ. No. 88–4486 (DNE), 1993 WL 33605 (S.D.N.Y. Jan. 23, 1993). In that case, the investigator brought disciplinary charges against Barry Feinstein, the President of IBT Local 237. Like plaintiff in this case, Feinstein did not file an answer with the Monitor, but instead sought injunctive relief in the district court. *Id.* at *1. Noting that the IBT consent decree limited Feinstein's ability to petition the district court for review only to an appeal of the Monitor, the court concluded that his application was unripe because it was in a "prehearing posture." *Id.*

Plaintiff's application in this case is similarly premature. He may petition this Court for relief only after the Monitor has reached a determination on the charges against him. Since no such determination has yet been reached, the Court is compelled to deny his application for injunctive relief and to grant defendants' motions to dismiss this action.[1]

## III. CONCLUSION

For the reasons set forth above, the Court will deny plaintiff's application for declarato-

---

1. Plaintiff contends that the doctrine of exhaustion of administrative remedies applies only if the litigation concerns an agency created by Congress. This proposition is incorrect. *See, e.g., Republic Steel Corp. v. Maddox,* 379 U.S. 650, 652–53, 85 S.Ct. 614, 616–17, 13 L.Ed.2d 580 (1965); *Baker v. Farmers Elec. Coop., Inc.,* 34 F.3d 274, 284 (5th Cir.1994) (noting that plaintiff's claims were properly dismissed because he had failed to exhaust the grievance procedures set forth in a collective bargaining agreement). Of course, where the requirement of administra-

tive exhaustion is explicitly set forth in a court-approved settlement or consent decree, the doctrine of exhaustion may apply to limit the court's jurisdiction. *Taylor v. Perini,* 887 F.2d 1088 (6th Cir.1989); *Bronson v. Howard,* Civ. No. 86–1306, 1986 WL 7190 (E.D.Pa. June 18, 1986).

Plaintiff's additional argument against exhaustion—that he will not receive a fair hearing because he has questioned the Monitor's jurisdiction over past conduct—is wholly speculative and is more properly considered on appeal.

ry and injunctive relief, and will grant defendants' motions to dismiss this matter pursuant to FED.R.CIV.P. 12(b)(1). An appropriate form of Order is filed herewith.

### ORDER

For the reasons set forth in the Memorandum Opinion filed on this same date:

IT IS on this 3rd day of May, 1996,

ORDERED that plaintiff John Agathos's application for injunctive and declaratory relief is hereby DENIED; and it is further

ORDERED that defendants' motions to dismiss this action for lack of subject matter jurisdiction pursuant to FED.R.CIV.P. 12(b)(1) are hereby GRANTED; and it is further

ORDERED that the above-captioned matter be and hereby is DISMISSED in its ENTIRETY.